IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JEREMIAH HUNLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-00455 |
| ) | |
| GLENCORE LTD, INC.; and EAST ) | |
| TENNESSEE ZINC COMPANY, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is a Motion to Dismiss filed by the Defendant, East Tennessee Zinc Company, LLC. ("ETZ") [Doc. 83.], a Motion to Dismiss filed by the Defendant Glencore Ltd. Inc., ("Glancore") [Doc. 85.] and several motions for Entry of Judgment under Rule 54(b). [Docs. 91, 93, and 95.]

### I. ETZ's Motion to Dismiss for Lack of Subject-Matter Jurisdiction

The underlying law suit was brought by Jeremiah Hunley pursuant to the Court's jurisdiction over actions brought under 28 U.S.C. § 1332. ETZ's sole argument in favor of dismissal is that, since the Plaintiff has on numerous occasions claimed to be a resident of Tennessee, the Court lacks subject-matter jurisdiction as there is not complete diversity among the parties.

On October 25, 2012, the Plaintiff filed an initial Complaint [Doc. 1.] in which he alleged to be a resident of Tennessee. On March 29, 2012, the Court gave the Plaintiff leave to amend his Complaint in order to address subject-matter jurisdiction, specifically, the citizenship of the Defendants. [Doc. 71.] On April 16, 2012, the Plaintiff filed an Amended Complaint [Doc. 77.] in which he alleged to be a resident of Kentucky. Subsequently, ETZ filed the present Motion to

Dismiss [Doc. 83.] which contains several pieces of evidence to support its position that the Plaintiff is not a citizen of Kentucky but a citizen of Tennessee.

At this time, the Court does not have sufficient information to rule on whether subject-matter jurisdiction exists. After discovery commences, the Defendant's may renew their objections to the Plaintiff's assertion that jurisdiction is proper; however, such a determination in light of the conflicting evidence before the Court, would be premature especially since the Plaintiff has now asserted that he is a citizen of Kentucky. Accordingly the Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Doc. 83.] is **DENIED**. The Defendant is free to reassert the position that the Court lacks subject-matter jurisdiction after the Court has obtained the necessary information to issue an informed ruling.

## II. Glencore's Motion to Dismiss for Failure to State a Claim

Glencore has filed a Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. [Doc. 85.] Glencore presents two arguments in support of its Motion. First, Glencore argues that the Plaintiff "fails to allege any independent tortious conduct on the part of Glencore that proximately caused [the] Plaintiff's injuries." [Doc. 85 at ¶ 4.] Second, Glencore argues that the Court lacks subject-matter jurisdiction citing the Courts ruling on March 29, 2012 that the Mine Safety and Health Administration Rules and Regulations do not create a private cause of action. [Doc. 85 at ¶ 5.]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-

moving party. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim.

Typically, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion unless the motion is converted to a motion for summary judgment. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, a court may consider any documents attached to a motion to dismiss to be part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* at 89. In this case, the Court will consider only the Amended Complaint and the Motion to Dismiss without converting this Motion to Dismiss to a motion for summary judgment.

First, the Amended Complaint alleges that Glencore is the parent company of ETZ. [Doc. 77 at ¶ 5.] The Amended Complaint further alleges that ETZ was the mine operator. Since the Plaintiff alleges that the injuries at issue occurred at a mine that ETZ operated, with equipment that either Glencore or ETZ owned, and under the training and supervision of Glencore, Glencore is clearly material to this suit and the Plaintiff has properly plead sufficient allegations to overcome the present challenge. In other words, if the Court accepts the Plaintiffs well-pleaded facts as true, Glencore could be found negligent under premises liability theories.

Second, Glencore misunderstood the Court's ruling. On March 29, 2012, the Court issued a Memorandum Opinion [Doc. 70.] in which the Court held that "it is well established that there is no private cause of action under the Federal Mine Safety and Health Act." [Doc. 70 at 15.]

Neverthelesss, as the Defendant is well aware, federal courts can hear matters that would be otherwise reserved to the state courts so long as there is complete diversity and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. It appears to the Court, at least at this stage of the proceeding, both of which are satisfactorily present. Consequently, Defendant Glencore's Motion to Dismiss will be **DENIED as premature.** Glencore is free to raise the jurisdictional argument after the parties have a chance to engage in discovery.

### III. Rule 54(b) Dismissals

Sandvik Mining and Construction USA, LLC ("Sandvik USA"), Sandvik Mining and Construction OY ("Sandvik OY") and Detroit Diesel Corporation ("DDC") filed identical memoranda and motions seeking dismissal as parties to the present action pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Parties collectively argue that this Court's ruling on March 29, 2012 dismissed them from this action. [Docs. 91, 93, and 95.] The Court understands the desire for finality and clarity regarding the status of this action. Furthermore, the Court is aware that piecemeal decisions can create confusion regarding estoppel and appeal matters; however, with regard to the present action, the Defendants' status is clear. On March 29, 2012, the Court issued a Memorandum Opinion [Doc. 70.] in which the Court held that "Plaintiff's claims against Sandvik USA, Sandvik OY, and Detroit Diesel are….time barred by the Tennessee statute of limitations." [Doc. 70 at 11.] Plaintiff's Amended Complaint, [Doc. 77.] filed in response to the Court's March 29th Order, does not mention Sandvik USA, Sandvik OY or DDC nor does it name them as captioned parties[1]. Furthermore, ECF lists all three parties as "terminated." Consequently, the parties should view the ruling on March 29, 2012 as a final ruling, and as suggested by all of the aforementioned factors, Sandvik USA, Sandvik OY and

---

[1] Notably distinct is the Amended Complaint from the initial Complaint as the initial Complaint did list Sandvik OY, Sandvik USA, and DDC as parties, but the Amended Complaint did not. [Docs. 1, 77.]

DDC are no longer parties to this case. For the aforementioned reasons, the several motions for dismissal under rule 54(b) [Docs. 91, 93, and 95.] are **DENIED as repetitious and unnecessary.**

**IT IS SO ORDERED.**

                                **ENTER:**

                                <u>s/ Thomas W. Phillips</u>
                               United States District Judge