UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEREMIAH HUNLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:10-CV-455 |
| V. | ) | (PHILLIPS/GUYTON) |
| | ) | |
| GLENCORE LTD, INC., and | ) | |
| EAST TENNESSEE ZINC CO., LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the Scheduling Order.

The parties appeared before the undersigned telephonically on June 21, 2013, to address various discovery issues in this case. During the conference, the Court addressed counsel's behavior at the deposition of the Plaintiff, which was conducted on Thursday, June 20, 2013. Counsel for Defendant Glencore alleges that counsel for the Plaintiff instructed the Plaintiff to leave the deposition in response to a line of questioning that counsel for the Plaintiff believed was objectionable and/or inappropriate.

Counsel for the Plaintiff responds that the line of questioning was irrelevant and was posed in an intimidating manner. Counsel further submits that the Plaintiff was tired and confused after hours of questioning. Counsel for the Plaintiff has, however, apologized for the abrupt departure from the deposition.

Generally, where a party fails to attend and proceed with a deposition, sanctions are appropriate, see Fed. R. Civ. P. 30(g), but the Federal Rules of Civil Procedure provide a number

of means for addressing questions that a party believes are objectionable or inappropriate. A party may circumvent questioning at a deposition that is meant to embarrass a deponent by obtaining a protective order under Rule 26. Absent a protective order, Rule 30 states that objections shall be noted on the record, but examination will continue. Nonetheless, a deponent may move to terminate a deposition at any time if it is "being conducted in bad faith." Fed. R. Civ. P. 30(d). Further, it is the practice in this District to allow the parties to call the Magistrate Judge assigned to the case or the Magistrate Judge on duty to resolve disputes that may arise during a deposition.

The Court has considered the actions of Plaintiff and his counsel, and the Court finds that a limited sanction is appropriate. The Court finds that Plaintiff's counsel did not comply with any of the available mechanisms to address the questioning that Plaintiff and his attorneys perceived to be offensive. Conversely, the Court finds that the relevance of the line of questioning and the relevance of this line of questioning is subject to dispute.

Under the circumstances, the Court finds that the appropriate remedy is to allow the Defendants to depose the Plaintiff for four (4) additional hours. Accordingly, the Plaintiff is **ORDERED** to sit for a supplemental deposition, no longer than four hours in length, on or before **July 19, 2013**. During this deposition, the Plaintiff shall be given leave for breaks as needed. If the parties cannot agree on a date and time for this deposition to take place, they **SHALL CONTACT** the chambers of the undersigned on or before **July 5, 2013,** and the Court will set the date/time.

Finally, the Court **ADMONISHES** the parties to conduct this deposition and all discovery in this case with civility and the utmost professionalism. The Court will not tolerate future failures to comply with the Federal Rules of Civil Procedure, and the Court will impose

2

Case 3:10-cv-00455-CLC-HBG   Document 143   Filed 06/25/13   Page 2 of 3   PageID #: 1673

sanctions under Rule 37 of the Federal Rules of Civil Procedure, including *inter alia* civil contempt, if appropriate.

**IT IS SO ORDERED**.

ENTER:

     s/ H. Bruce Guyton     
United States Magistrate Judge