UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEREMIAH HUNLEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-CV-455 |
| | ) | (PHILLIPS/GUYTON) |
| v. | ) | |
| | ) | |
| GLENCORE LTD, INC., and | ) | |
| EAST TENNESSEE ZINC CO., LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

This case is before the Court pursuant to the Local Rules, 28 U.S.C. § 636(b), and Standing Order 13-02. The parties appeared for a telephone conference on August 5, 2013, to address discovery disputes. Attorney Richard Collins appeared on behalf of the Plaintiff. Attorneys Gabriel Hertzberg and P. Edward Pratt appeared on behalf of Defendant Glencore, LTD, Inc. ("Glencore"). Attorney Lynn Peterson appeared on behalf of Defendant East Tennessee Zinc Company, LLC ("ETZ"). Finally, Attorney Kristen Stevenson appeared on behalf on the intervening Plaintiff Commerce & Industry Insurance Co., Inc.

Initially, the parties discussed disclosing the names and addresses of the Plaintiff's witnesses pursuant to Federal Rule Civil Procedure 26(1)(A)(i). The Plaintiff stated that he has been gathering the information and will provide it to the Defendant. Subject to the parties' agreement, the Court **GRANTS** the Defendant's request for Rule 26(1)(A)(i) information. In addition, the Court **ORDERS** that the Plaintiff provide the video of the exemplar test performed by his expert.

Next, the Plaintiff requested the last known addresses of two former employees, Diego Bellido and David Porter. Defendant Glencore stated that it had not received a formal discovery

1

request. The Court **GRANTS** the Plaintiff's request and **ORDERS** the Defendant to provide this information to the Plaintiff, without the necessity of a formal discovery request.

Defendant Glencore asserted that it had not received certain IRS records that were subject to a prior Court Order [Doc. 142]. The Plaintiff stated that the IRS form was returned as deficient but that he is working on correcting the mistakes. The Court **DIRECTED** the Plaintiff to sign the necessary forms and to send the information directly to the IRS.

Defendant Glencore also asserted that it would like a copy of the new medical records submitted by the Plaintiff's psychologist. The Plaintiff responded that he would immediately send the Defendant a copy of the records once they are available. Because the parties have agreed on this issue, the Court **GRANTS** the request.

Finally, the parties' oral motions to extend deadlines were **GRANTED** as follows:

(1) Defendant ETZ has until August 14, 2013, to submit its expert disclosures;

(2) Daubert motions are due on or before August 21, 2013;

(3) The Plaintiff shall file his response to the motion for summary judgment on or before August 16, 2013;

(4) Defendant Glencore shall file its reply to the Plaintiff's response on or before August 30, 2013.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge