UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEREMIAH HUNLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-CV-455 |
| V. ) | (COLLIER/GUYTON) |
| ) | |
| GLENCORE LTD, INC., and ) | |
| EAST TENNESSEE ZINC CO., LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Compel Defendants Glencore and ETZ to Answer Requests for Admission and Motion to Compel Defendant ETZ to Provide Sufficient Responses to Plaintiff's Requests for Production [Doc. 203]. The Defendants have responded in opposition to the Plaintiff's Motion to Compel [Docs. 214, 215], and the Court heard oral arguments from the parties on September 3, 2013. The Court finds that the Motion to Compel is now ripe for adjudication, and for the reasons stated herein, it is **GRANTED IN PART** and **DENIED IN PART**.

Rule 37 of the Federal Rules of Civil Procedure states, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). In his Motion to Compel, Plaintiff moves the Court to enter an Order: (1) compelling Defendants Glencore and ETZ to answer Requests for Admission Nos. 12-15, 30, and 62-64 or alternatively, deeming these requests to be admitted; and (2) compelling ETZ to

provide responses to Requests for Production Nos. 2, 3, and 9. The Court will address each of these requests in turn.

A.     **Requests for Admission Nos. 12, 13, 14, 15, 30, 62, 63, and 64**

Plaintiff states that the Defendants have refused to answer Requests for Admission Nos. 12, 13, 14, 15, 30, 62, 63, and 64. Specifically, Defendants object to the Requests for Admission, with the exception of No. 30, because the Requests for Admission call for legal conclusions. [Doc. 203-1 at 2-3]. Plaintiff maintains that the Defendants have not stated a valid basis for objecting. Plaintiff states that Defendants object to answering Request for Admission No. 30, because the term "affirms," as used therein is ambiguous. Again, Plaintiff argues that this objection is not valid.

Defendants respond that the Requests for Admission improperly seek legal conclusions, and they maintain that their objections to the requests are, therefore, well-taken. [Docs. 214, 215]. In support of their position, the Defendants cite the Court to cases from other courts within the Sixth Circuit. See, e.g., Reichenbach v. City of Columbus, 2006 WL 143552 (S.D. Ohio Jan. 19, 2006); Michel v. WM Healthcare Solutions, Inc., No. 1:10-CV-00638, 2011 WL 6056883 (S.D. Ohio Dec. 6, 2011)[1].

Rule 36 provides that a party may serve on any other part a written request to admit the truth of matters relating to "facts, the application of law to fact, or opinions about either." Fed.

---

[1] The Court would specifically note that — despite Defendant ETZ's characterization of Michel v. WM Healthcare Solutions, Inc., No. 1:10-CV-00638, 2011 WL 6056883 (S.D. Ohio Dec. 6, 2011), as "holding that [a] request[] such as 'Admit that WM Healthcare sent advertisements to Dr. Michel in violation of one or more provisions of the Junk Fax Prevention Act, which is codified at 47 U.S.C. §227 et seq.' was inappropriate under Rule 36 as it improperly sought a legal conclusion," [Doc. 214 at 4] — the court in Michel upheld the Magistrate Judge's decision to compel answers to two requests for admission. The requests for admission in Michel asked that the defendant "[a]dmit Exhibit A and Exhibit B are advertisements for WH Healthcares goods and/or services" and "[a]dmit WH Healthcare had no established business relationship with Dr. Michel before he was sent the Advertisements." Id. at *1-2. In affirming this ruling, the court in Michel merely stated, "Plaintiffs did not ask Defendant, for instance, to 'Admit that WH Healthcare sent advertisements to Dr. Michel in violation of one or more provisions of the Junk Fax Prevention Act ("JFPA"), which is codified at 47 U.S.C. § 227 et seq.'" Id. at *2.

2

R. Civ. P. 36(a). The Court of Appeals for the Sixth Circuit has explained, "Requests for admission may relate to the application of law to fact. Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule." United States v. Petroff-Kline, 557 F.3d 285, 293 (6th Cir. 2009). In illustrating this distinction, the Court of Appeals explained that requests for admission stating, for example, "Plaintiff has failed to state a claim upon which relief can be granted," clearly does not fit the mold cast by Rule 36, and requests for admission stating, for example, "Plaintiff's claims are barred by the applicable statute of limitations and/or laches" and "Defendant does not owe money to Plaintiff" are at least problematic due to their targeting of the ultimate legal question in the case. Id.

The Court has considered the discussion in Petroff-Kline along with other cases addressing this issue, including those cited by the Defendants. Having thoroughly considered the issue, the Court finds that the Defendants' objections to Requests for Admission Nos. 12, 13, 14, 15, 62, 63, and 64, based upon the position that the requests for admission call for a legal conclusion, are not well-taken. The Court finds that the Requests for Admission call for "the application of law to fact," and therefore, they do not exceed to bounds of Rule 36.

In addition, the Court finds that the Defendants' objection that the term "affirms" as used in Request No. 30 is "vague and ambiguous" is not well-taken. The Defendants should interpret this term in a manner consistent with its common meaning, and answer Request No. 30 accordingly.

Finally, the Court finds that the Defendants stated at the hearing on September 3, 2013, that they have modified and supplemented their responses to Request No. 62, 63, and 64 to give an admission or denial to each of these requests. The Court finds, therefore, that they have now answered these requests.

Based upon the foregoing, the request to order the Defendants to answer Requests for Admission Nos. 12, 13, 14, 15, and 30 is **GRANTED IN PART**. Defendants **SHALL ANSWER** Requests for Admission Nos. 12, 13, 14, 15, and 30 in a manner consistent with Rule 36 on or before **September 20, 2013**. That is, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).

To the extent Plaintiff moved the Court to deem these requests to be admitted, that request is **DENIED**. If, however, the Defendants do not timely answer Requests for Admission Nos. 12, 13, 14, 15, and 30, the Court may deem these requests to be admitted.

**B.     Requests for Production Nos. 2, 3, and 9**

Plaintiff contends that Defendant ETZ has refused to answer Requests for Production Nos. 2 and 3 on the grounds that the records requested are available to the public at large. [Doc. 203 at 1]. Additionally, Plaintiff maintains that ETZ has provided an evasive response to Request for Production No. 9. [Id. at 1; Doc. 203-1 at 9]. Plaintiff seeks a ruling instructing ETZ to state whether it ever issued W2s. [Doc. 203-1 at 9].

ETZ responds that the documents requested in Requests for Production Nos. 2 and 3 are not in its control. [Doc. 214 at 5]. It maintains that Plaintiff may as easily request copies of these records from the appropriate Tennessee and Delaware authorities as ETZ can. [Id.]. As such, ETZ's objection is appropriate. [Id.]. With regard to Request for Production No. 9, ETZ objects to this request as irrelevant. [Id.]. Further, ETZ states that it has conducted a diligent search of its records for the years requested and has not located documents responsive to this Request. [Id.].

4

The Court has considered the parties' filings, their oral arguments, and Rules 34 and 37 of the Federal Rules of Civil Procedure. The Court finds that Plaintiff's request that ETZ be compelled to respond is well-taken, and it is **GRANTED IN PART**. ETZ **SHALL PRODUCE** any documents that are responsive to Requests for Production Nos. 2 and 3 and are in its control, regardless of whether these documents can also be obtained through a third-party agency. This production shall be completed on or before **September 20, 2013**. To the extent Plaintiff seeks records that are not produced by ETZ it can acquire those records through the government agencies or other authorities that provide public access to the records. ETZ shall cooperate in Plaintiff's efforts to obtain such records from government agencies.

With reference to Request for Admission No. 9, counsel for ETZ has represented, both in writing and in her oral argument, that ETZ has conducted a diligent search for W-2s and has not located any such documents. The Court cannot compel ETZ to produce documents which do not exist, and therefore, the Plaintiff's request that the Court issue a further order on this issue is **DENIED**. Nonetheless, the Court reiterates that, based upon the representations made to the Court, it is the Court's expectation that no such documents will appear at trial.

**C. Conclusion**

In sum, the Motion to Compel **[Doc. 203]** is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Defendants **SHALL ANSWER** Requests for Admission Nos. 12, 13, 14, 15, and 30 in a manner consistent with Rule 36 on or before **September 20, 2013**, and

2. ETZ **SHALL PRODUCE** any documents that are responsive to Requests for Production Nos. 2 and 3 and are in its control, regardless of whether these documents can also be obtained through a third-party agency. This production shall be completed on or before **September 20, 2013**

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge