UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEREMIAH HUNLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-CV-455 |
| v. ) | (COLLIER/GUYTON) |
| ) | |
| GLENCORE LTD, INC., and ) | |
| EAST TENNESSEE ZINC CO., LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Standing Order 13-02.

Now before the Court is Defendant Glencore's Motion to Compel [Doc. 196], which moves the Court to compel: (a) the deposition of Charlie York; (b) the deposition of Barbara Radford; (c) the production of Plaintiff's Personal History Questionnaire from Plaintiff's psychological expert, Dr. Aronov; and (d) the address for Jeff Abbott. The Court has issued Orders compelling Mr. York and Ms. Radford to appear for depositions. [Docs. 224, 225]. Thus, the only requests for relief currently pending before the Court are Glencore's request that the Plaintiff be ordered to produce the Personal History Questionnaire from Dr. Aronov and Glencore's request that the Plaintiff be ordered to produce the address of Jeff Abbott.

The parties appeared before the Court on September 3, 2013, to address Glenocore's Motion to Compel and other pending motions. At that time, the parties agreed to resolve the dispute regarding the Personal History Questionnaire, including the page of the questionnaire that apparently was not transmitted to counsel, amongst themselves. The Court finds that the parties working together to resolve this issue is the most efficient and effective course at this

1

juncture, and the parties are admonished to work together to resolve the issue as soon as practicable. Accordingly, Glencore's request that Plaintiff be compelled to produce the Personal History Questionnaire will be **DENIED AS MOOT**, at this time.

At the hearing, counsel for the Plaintiff represented that the Plaintiff does not possess a current address for Jeff Abbott. Plaintiff alleged that Mr. Abbott was a former employee of the mine that the Defendants allegedly owned and/or operated, and Plaintiff maintained that the Defendants should already have Mr. Abbott's address. Glencore argued that this information should have been produced long ago as part of the Plaintiff's initial disclosures.

With regard to the request to compel Mr. Abbott's contact information, the Court has considered the parties' positions along with Rule 26 of the Federal Rules of Civil Procedure. The Court finds that Glencore's request that the Court compel the Plaintiff to produce this information is well-taken, and it is **GRANTED**. The Plaintiff **SHALL PRODUCE** Jeff Abbott's address and phone number on or before **September 20, 2013**. If this information is not produced by September 20, 2013, Mr. Abbott will be struck from Plaintiff's initial disclosures and he will not be permitted to testify at trial.

In sum, the remaining requests for relief contained in Defendant Glencore's Motion to Compel **[Doc. 196]** are **GRANTED IN PART** and **DENIED IN PART**, to the extent stated herein.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge