UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JEREMIAH HUNLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:10-CV-455 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| GLENCORE LTD, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## JUDGMENT ORDER

Before the Court are Plaintiff Jeremiah Hunley's ("Plaintiff") motion for a hearing to decide jurisdictional issues (Court File No. 273) and amended motion for a hearing to decide jurisdictional issues and scheduling conference (Court File No. 275). The United States Court of Appeals for the Sixth Circuit recently issued its opinion (Court File No. 271) and mandate (Court File No. 274) in this case affirming the Court's judgment and directing the Court to dismiss for lack of subject matter jurisdiction.[1] Accordingly, the Court will **DENY** Plaintiff's motion for a hearing (Court File Nos. 273, 275) and **DISMISS** the case for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to **CLOSE** the case.

**SO ORDERED.**

    **ENTER:**

---

[1] In the final sentence of its opinion, the Sixth Circuit stated that "We remand so that the district court may dismiss for lack of subject-matter jurisdiction." (Court File No. 271, p. 4). Plaintiff argues that the word "may" means that the Court should conduct a new hearing to determine whether the Court should dismiss (*see* Court File No. 275, ¶ 16 ("[T]he panel's use of the word "may" cannot, sensibly, mean that this Court is to simply rubber-stamp the dismissal of Sandvik and DDC on different grounds.")). Plaintiff misreads the opinion. Read in its entirety, the panel decision clearly directs the Court to dismiss the case for lack of subject matter jurisdiction and does not imply that the Court should conduct any further fact finding on the issue (*see, e.g.*, Court File No. 271, p. 4 ("As the district court noted, at no point in the district court proceedings did [Plaintiff] establish that he was diverse from all defendants. So the district court lacked jurisdiction to consider this case.")).

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
   s/ Debra C. Poplin